# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW CHIEN,<br><br>        Plaintiff,<br>v.<br><br>BARRON, SKYPEOPLE FRUIT JUICE CORP.,<br><br>        Defendants. | Civil Action No.<br>No. 3:17-mc-147 (CSH)<br><br>SEPTEMBER 29, 2017 |

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

Plaintiff Andrew Chien, appearing *pro se*, filed in this Court on July 10, 2017 a self-styled "Motion for Permission of Filing a New Companion Case." That submission bore the caption and docket number of an earlier action brought by Chien, the docket number being 3:09-cv-1873 (CSH). Chien attached to his motion a proposed complaint against Defendants "Barron" and "Skypeople Fruit Juice Corp."

Chien's effort to file a "new companion case" in the litigation bearing docket number 3:09-cv-1873 is a nullity. This Court granted the Defendants' motion to dismiss the complaint in that case, *Chien v. Barron Capital Advisors, LLC, et al.* [Ruling, Doc. 34], the Clerk entered judgment in favor of Defendants Barron Capital Advisers LLC and Skypeople Fruit Juice and against Chien [Doc. 36], and no appeal was taken by Chien. Accordingly, there was no pending case for which Chien's present pleading could act as a "companion."

1

In these circumstances, the Clerk of the Court properly gave Chien's present submission a "miscellaneous" docket number, 3:17-mc-147. The matter was assigned by random to District Judge Meyer. Judge Meyer transferred the case to the undersigned, because Chien's latest complaint arises out of the same contract that formed the subject matter of his previous case, No. 3:09-cv-1873. Specifically, that is a contract dated August 28, 2006 between USChina Channel LLC, a Connecticut entity, and Shaanxi Tianren Organic Food Co., Ltd., a Chinese corporation.

The Court dismissed Chien's complaint in 3:09-cv-1873 on the ground that "Chien as a *pro se* litigant, may not bring claims on behalf of a corporate entity" such as USChina, an LLC. [Doc. 34] at slip op. 3. Chien seeks to overcome that obstacle by contending, in his present submission:

> In this case, this court denied Chien's claim because Chien can't represent USChina. But this new case is different. Chien's personal claim is based on "§ 34-208 Winding Up of LLC" of Connecticut General Statutes. § 34-208 (b)(1) specifies that the person who winding LLC [*sic*], can prosecute and defend suits of LLC."

Motion [Doc. 1] at 4. The newly submitted complaint alleges in ¶ 50 that "USChina was dissolved several years ago with one member of Chien." The meaning of the concluding phrase is obscure. In any event, Chien takes the position that whatever happened to USChina, it triggered § 34-208(b) of the Connecticut General Statutes, which provides in part: " The persons winding up the business and affairs of the limited liability company may, in the name of, and for and on behalf of, the limited company: (1) Prosecute and defend suits. . . . "

However, perhaps unbeknownst to Chien, § 34-208 of the Connecticut General Statutes has been repealed effective July 1, 2017, and replaced by § 34-267a, captioned "Winding up," under Chapter 613A of the Uniform Limited Liability Company ("LLC") Act, Part VII. ("Dissolution and Winding up"). According to Connecticut's newly adopted Uniform LLC Act, its provisions generally

2

"govern all limited liability companies." Conn. Gen. Stat. § 34-243i. In other words, as indicated by the caption of § 34-243i, the "[e]ffective date" of the new Uniform Limited Liability Act [July 1, 2017] has general "[a]pplication to existing relationships."

Under the new § 34-267a(b), "[i]n winding up its activities and affairs, a limited liability company: . . . (2) may . . . (B) prosecute and defend actions and proceedings." Conn. Gen. Stat. § 34-267a(b)(2)(B). Moreover, "[i]f a dissolved limited liability company has no members, the legal representative of the last person to have been a member may wind up the activities and affairs of the company." *Id.* § 34-267a(c).

In the case at bar, it is unclear from the submitted papers whether Chien is, and/or can prove, that he was the final member in the dissolved USChina LLC. However, under § 34-267a(b)(2)(B) and (c), in winding up a limited liability company, it is the LLC itself or the "legal representative of the last person to have been a member" of the LLC who may wind up the activities and the affairs of the LLC. Chien, as an individual, may not be able to wind up the LLC's affairs by asserting that he is acting as the "limited liability company" under Conn. Gen. Stat. § 34-267a(b). Furthermore, if he was the last person to be a member of the LLC, it is his "legal representative" who is statutorily empowered to wind up the LLC's activities and affairs under Conn. Gen. Stat. § 34-267a(c). Given the language of the statute, it is unknown whether the last member may act as his own legal representative for that purpose and/or prosecute actions on behalf of the LLC. There are no advisory committee notes to the statute to provide clarification.

The Court notes that in the newly adopted Connecticut General Statutes § 34-271b, a member of a limited liability may bring a "derivative action to enforce a right of a limited liability company," but only if that person is "a member at the time the action is commenced" and "[w]as a member

when the conduct giving rise to the action occurred" or who has a status as a member "devolved" upon him "by operation of law or pursuant to the terms of the operating agreement from a person that was a member at the time of the conduct."[1] In addition, as a prerequisite to such a derivative action, before bringing suit, the member must first demand that the other members or managers of the LLC bring the action to enforce the LLC's rights and the other member or managers must fail to bring the action within 90 days. *Id.* § 34-271a. Alternatively, a member may bring a derivative action if the aforementioned demand under this provision "would be futile."

Given Connecticut's new statutory law regarding LLCs, it is unclear whether Chien possesses statutory entitlement to pursue USChina's claims for breach of the underlying contract. In order to proceed with the proposed litigation and represent USChina, he will ultimately have to establish that he has standing – *i.e.*, that he is the proper plaintiff to bring an action – to enforce the dissolved USChina's rights under Connecticut law. He made no claim that he was entitled to wind up USChina's affairs by bringing suit in his earlier litigation, so that assertion was not considered in the Court's ruling dismissing the prior action. That ruling held only that under familiar non-statutory principles, Chien as a *pro se* litigant could not represent USChina. In fashioning this Memorandum and Order, the Court intimates no view on whether the newly-adopted Connecticut Uniform LLC Act applies to the facts of this case, or confers any powers upon Chien, or whether other

---

[1] In this context, under Connecticut law, a "derivative action" is one that is brought by a member of an LLC "to enforce a right of a limited liability company," Conn. Gen. Stat. § 34-271a, if the harm suffered by the member is not separate and distinct from the harm suffered by the limited liability company or the members collectively. *Ward v. Gamble*, No. CV085017829S, 2009 WL 2781541, at *2 (Conn. Super. Ct. July 23, 2009). On the other hand, a member may bring a "direct action" in his own name if he can "plead and prove an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited liability company." Conn. Gen. Stat. § 34-271 (b).

impediments exist to the course he wishes to pursue.² But Chien is entitled to make the effort.

Accordingly, Chien's motion for leave to file his pleading [Doc. 1] is GRANTED. The Clerk is directed to re-docket the complaint, presently appearing at pages 10 to 69 of Doc. 1 in Case No. 3:17-mc-147, as a document in a new civil action, with the case number being altered accordingly. The re-docketed and re-numbered action will remain on the calendar of the undersigned. If Chien intends to pursue the action, he must arrange for service of the complaint upon the Defendants, who will then be required to move or answer the complaint in a manner consistent with the Federal Rules of Civil Procedure.

It is SO ORDERED.

Dated: New Haven, Connecticut
September 29, 2017

*/s/Charles S. Haight, Jr.* .
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

² For example, if Chien has no standing to bring a derivative suit for harm to the dissolved USChina LLC, he may also be unable to bring a direct action in his own name. *See, e.g.*, *Wasko v. Fancy*, 108 Conn. App. 156, 170 (2008) ("A limited liability company is a distinct legal entity whose existence is separate from its members" and "has the power to sue or be sued in its own name; or may be a party to an action through a suit brought in its name by a member." However, "[a] member may not sue in an individual capacity to recover for an injury the basis of which is a wrong to the limited liability company.") (citations omitted). Such hurdles to his standing may later result in dismissal of Chien's proposed claim, but that is not to be decided at this time.