UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW CHIEN,<br><br>    Plaintiff,<br> v.<br><br>FUTURE FINTECH GROUP INC.,<br>HONGKE XUE, and BARRON CAPITAL<br>ADVISORS, LLC,<br><br>    Defendants. | 3:17-CV-01654 (CSH)<br><br>**SEPTEMBER 28, 2018** |

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

Plaintiff Andrew Chien ("Plaintiff"), proceeding *pro se*, brings a combined motion for reconsideration and motion for leave to file an amended complaint in this diversity action against Defendants Future Fintech Group Inc., Hongke Xue, and Barron Capital Advisors, LLC (collectively, "Defendants"). Docs. 69, 70. This motion was filed ten days after the Court issued its Ruling on August 31, 2018, granting Defendants' Motions to Dismiss this case, [Doc. 68]. That Ruling is reported at *Chien v. Future Fintech Group, Inc.*, 17-CV-01654 (CSH), 2018 WL 4188447 (D. Conn. Aug. 31, 2018).

### I. STANDARD OF REVIEW FOR *PRO SE* LITIGANTS

With respect to *pro se* litigants, it is well-established that "[*p*]*ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)).

*See also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (same); *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). The federal courts' special solicitude towards *pro se* litigants "also embraces relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him." *Tracy*, 623 F.3d at 101 (2d Cir. 2010) (citations omitted) (collecting cases).

## II. DISCUSSION

Plaintiff filed his motion for reconsideration on September 10, 2018, [Docs. 69, 70], but he asks that the motion be construed as a motion to alter or amend a judgment should the Court decide he has missed the seven-day filing period for a motion for reconsideration, [Doc. 72 ¶ 3]. In light of Plaintiff's *pro se* status, the Court examines his motion as if it were timely filed. This District's Local Rules establish:

> Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order. In circumstances where such motions are appropriate, they shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.

Loc. R. Civ. P. 7(c). "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The Court's decision dismissing the Amended Complaint in its then-existing form concluded that Chien "has not met his burden to establish Article III standing" and the Court "is required to dismiss the instant case on this basis alone." *Chien v. Future Fintech Group, Inc.*, 17-CV-01654

-2-

(CSH), 2018 WL 4188447, at *3 (D. Conn. Aug. 31, 2018). The basic reason for that failure was that "Plaintiff as a *pro se* litigant could not represent USChina under common law." *Id*. at *2. In reaching that conclusion, the Court considered the possible effect of a recently enacted Connecticut statute, Conn. Gen. Stat.§ 34-267a, which "*might* allow the last member of a limited liability company to act as his own legal representative in order to prosecute claims on the company's behalf." *Id*. The Plaintiff having failed to address that possibility in detail, the Court's solicitude for *pro se* litigants prompted its own consideration of the question. The prior decision quoted the provision in Conn. Gen. Stat. § 34-267a(c) that "[i]f a dissolved limited liability company has no members, the *legal representative* of the last person to have been a member may wind up the activities and affairs of the company." *Chien*, 2018 WL 4188447, at *3 (internal quotation marks omitted). Given that wording, the Court concluded that Chien could not conduct *pro se* litigation on behalf of USChina. That conclusion is consistent, as the prior decision pointed out, with the Second Circuit's holding in *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007), where the sole member of a limited liability company purported to litigate on behalf of the company. The Second Circuit held that "a sole member of a limited liability company must bear the burdens that accompany the benefits of the corporate form and may appear in federal court only though a licensed attorney." *Id.*

These principles apply to the case at bar because Chien's Amended Complaint asserts claims on behalf of that entity known as "USChina," which Plaintiff's brief on the present motion refers to as "the dissolved USChina ('LLC')." Doc. 70-1 ¶ 1.

Plaintiff's present motion for reconsideration does not point to controlling decisions or data

that the Court overlooked in reaching its prior that conclusion as to lack of standing.[1]  *See* Loc. R. Civ. P. 7(c); *Shrader*, 70 F.3d at 257.  Instead, recognizing that the Court's determination on standing bars consideration of the merits of his case, Plaintiff advances a somewhat revised argument for why he is entitled to appear *pro se* on behalf of USChina Channel LLC ("USChina").  He argues that he is self-employed "either in sole proprietorship, or in the dissolved USChina" and that he is the sole proprietor who is "responsible to wind" up USChina.  Doc. 70-1 ¶¶ 1, 4.  Because a sole proprietorship has no legal existence apart from its owner, the argument continues, Plaintiff asserts the right to represent himself.  *Id.* ¶ 2.

Plaintiff cites no authority for this proposition, which is contrary to the weight and direction of case and statutory law.  As held in the Court's prior decision, if Plaintiff is the last member of USChina, then Connecticut state law requires that he be represented by counsel.  Plaintiff cannot be both the last member and a third-party sole proprietor in the same lawsuit.  As the last member, he would be entitled to wind up the company's affairs via legal counsel.  As a third party though, he would not be entitled to wind up the company's affairs in the first place.  Plaintiff's framing of the action as a third-party beneficiary claim fails for this reason as well.  *See* Doc. 70-1 at 4.  Accordingly, the Court must deny Plaintiff's motion for reconsideration.

For these reasons, the Court adheres to its prior Ruling, which dismissed Plaintiff's Amended Complaint for lack of standing attendant upon Plaintiff's inability to litigate this action on behalf of

---

[1] Plaintiff does point out statistics concerning the number of small businesses and bankruptcies in the United States, [Doc. 70-1 ¶¶ 16–17], but merely because a ruling or law may be adverse to some does not provide legal grounds for overturning it.

a limited liability company.² Insofar as Plaintiff's present motion should be construed as a motion for leave to file a further amended complaint, that motion will be denied on the grounds of lack of standing and futility.

### III. CONCLUSION

Plaintiff's motions for reconsideration and leave to file a further amended complaint [Docs. 69 and 70] are DENIED.

The Court adheres to its Ruling [Doc. 68], pursuant to which the Amended Complaint was dismissed and the case closed.

It is SO ORDERED.
Dated: New Haven, Connecticut
　　　　September 28, 2018

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Charles S. Haight, Jr.＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　CHARLES S. HAIGHT, JR.
　　　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

---

² The prior decision, as alternative grounds for dismissal, held that Plaintiff's claims were barred by the statute of limitations, and the claims for securities laws violations and challenging a foreign judgment were without merit. *Chien*, 2018 WL 4188447, at *3–*5. Plaintiff's present motion for reconsideration does not demonstrate any reason for departing from those rulings, and they are also adhered to.